# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
May 22, 2023
Lyle W. Cayce
Clerk

**FILED**
June 13, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____J.E._____
DEPUTY

No. 22-50617
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee,*

versus

Hector Gastelum Valenzuela,

*Defendant—Appellant.*
_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-146-3
_____

Before Barksdale, Elrod, and Haynes, *Circuit Judges.*

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.



**Certified as a true copy and issued as the mandate on Jun 13, 2023**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-50617
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit
**FILED**
May 22, 2023
Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

versus

Hector Gastelum Valenzuela,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-146-3

_____

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

  Following a stipulated bench trial, Hector Gastelum Valenzuela was convicted of possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Valenzuela appeals the district court's denial of his pre-trial motion to suppress evidence seized from a motel room, asserting the evidence was

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

obtained by an improper protective sweep in violation of the Fourth Amendment. He claims the protective sweep of the motel room was illegal because: no exigent circumstances existed to justify the warrantless entry into the room; and it exceeded the scope of a proper protective sweep.

When reviewing the denial of a suppression motion, our court reviews "factual findings for clear error and the ultimate constitutionality of law enforcement action de novo". *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). Evidence is viewed in the light most favorable to the prevailing party, here, the Government. *E.g.*, *United States v. Thomas*, 997 F.3d 603, 609 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 828 (2022). "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (citation omitted).

For the following reasons, the officers' conduct in proceeding to the motel and proceeding to the specific room prior to obtaining a warrant was not unreasonable. *E.g.*, *Kentucky v. King*, 563 U.S. 452, 459, 462, 466–68 (2011) ("[B]ecause the ultimate touchstone of the Fourth Amendment is reasonableness . . . the warrant requirement is subject to certain reasonableness exceptions". (citation omitted)).

The officers: knew Juvencio Camargo-Garcia, a co-conspirator, had distributed methamphetamine at the motel that day; watched Camargo leave the motel; and found in his pocket the key for the motel room at issue. The officers suspected that someone was in the room when they tried the key and saw that it was locked from the inside (on finding the door locked from the inside, the officers observed Valenzuela and ordered him to come outside); and they believed there was a possibility of danger to the officers because they thought that there might be a gun in the room on account of their observing

Camargo's wearing an empty holster. From the doorway, the officers were unable to ascertain whether anyone else was in the room who might attempt to destroy the evidence before a search warrant was obtained.

Again, these circumstances created exigency that justified a warrantless entry into the room. *E.g.*, *United States v. Silva*, 865 F.3d 238, 242 (5th Cir. 2017) (providing officers' concern for safety was reasonable and justified warrantless protective sweep); *United States v. Jones*, 239 F.3d 716, 720–22 (5th Cir. 2001) ("The possibility that evidence will be removed or destroyed, the pursuit of a suspect, and immediate safety risks to officers and others are exigent circumstances that may excuse an otherwise unconstitutional intrusion into a residence.").

Moreover, the record supports a finding that the protective sweep was properly limited in scope as the officers were lawfully inside the room to sweep for safety and to prevent the destruction of evidence; and, during that sweep, the officers saw drugs in plain view. *E.g.*, *United States v. Garcia-Lopez*, 809 F.3d 834, 839 (5th Cir. 2016) ("[E]vidence or contraband seen in plain view during a lawful sweep can be seized and used in evidence at trial".).

AFFIRMED.

# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

June 13, 2023

Mr. Philip Devlin
Western District of Texas, Midland
United States District Court
200 E. Wall Street
Room 222
Midland, TX 79701-0000

    No. 22-50617   USA v. Valenzuela
                          USDC No. 7:21-CR-146-3

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                      Sincerely,

                                      LYLE W. CAYCE, Clerk

                                      By: _____
                                      Melissa B. Courseault, Deputy Clerk
                                      504-310-7701

cc:
    Ms. Elizabeth Berenguer
    Mr. Joseph H. Gay Jr.
    Mr. Shane O'Neal